**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JODI RADABAUGH and BARBARA J. VERNON, individually and on behalf of all others similarly situated, | : : : : | CASE NO. 1:22-cv-8336 |
| Plaintiffs, | : : | |
| v. | : : | JUDGE: |
| JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | : : : | **JURY DEMANDED** |
| Defendants. | : : | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Jodi Radabaugh and Barbara J. Vernon (collectively, "Named Plaintiffs"), by and through their attorneys, hereby submit this Collective and Class Action Complaint against Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, National Association (collectively "Defendants"), and allege of their own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.     Named Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 *et seq.*, (the "Ohio Wage Act"), and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as the "Ohio Acts") on behalf of themselves and all other similarly situated hourly-paid, non-exempt customer service employees employed by Defendants to recover overtime wages they are owed (plus liquidated damages, attorneys' fees, and costs) as a result of Defendants' unlawful policy of excluding non-discretionary, performance

based bonuses from the customer service employees' "regular rates of pay" for purposes of calculating their overtime rates of pay, in violation of the FLSA. *See* 29 C.F.R. § 778.207.

2.      Defendants operate the largest bank in the United States. They are headquartered in New York City, New York and have business locations throughout the United States and the world. Defendant JPMorgan Chase & Co. is incorporated in the state of Delaware. Defendants employ hourly-paid, non-exempt Bank Tellers and Associate Bankers in their locations, who are responsible for helping customers and directing them to the right employee of Defendants for assistance, managing lobby traffic, checking clients into the waiting queue and scheduling/canceling client meetings, helping clients with everyday transactions such as setting up direct deposit or helping update their address, ensuring financial transactions are completed accurately and efficiently, providing account services to customers by receiving deposits and loan payments, cashing checks, issuing savings withdrawals, recording night and mail deposits, among other duties. Defendants' hourly-paid, non-exempt customer service employees hold job titles including Bank Teller and Associate Banker.

### The FLSA Collective

3.      Named Plaintiffs and the putative FLSA collective members are current and former hourly-paid, non-exempt customer service employees who were employed by Defendants at their facilities and were subject to Defendants' unlawful common policy of paying overtime for 40 hours in a workweek at rates that Defendants calculated without including the non-discretionary, performance-based bonuses the employees received, and which were thus lower than the overtime rates the workers were entitled to receive. *See* 29 C.F.R. §§ 778.108 ("the [FLSA] requires inclusion in the 'regular rate' of 'all remuneration for employment paid to, or on behalf of, the employee'" except statutory exclusions).

2

4.      As a result, Defendants failed to pay hourly-paid, non-exempt customer service employees including Named Plaintiffs for all hours worked in excess of 40 in a workweek at a rate of not less than one and one-half (1.5) times the regular rate of pay, in violation of the FLSA.

5.      Named Plaintiffs assert their FLSA claims individually and pursuant to 29 U.S.C. § 216(b) on behalf of a putative nationwide "FLSA Collective," defined as:

> **All persons who are or were, at any time within the period of 3 years preceding the commencement of this action through the date of judgment, employed by Defendants in any of its facilities in the United States as hourly non-exempt employees who held non-exempt job positions, worked in excess of 40 hours in a given workweek and received at least one non-discretionary bonus.**

6.      Named Plaintiffs seek to send notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid, non-exempt customer service employees of Defendants informing them of their right to assert FLSA claims in this collective action by filing their individual consent forms.

### The Ohio OPPA Rule 23 Sub Class

7.      Named Plaintiffs and a sub class of the Defendants' Ohio workers known as the putative OPPA Fed. R. Civ. P. 23 Sub Class (the "OPPA Rule 23 Sub Class") are current and former hourly-paid, non-exempt customer service employees who were employed by Defendants at their facilities within the state of Ohio and were subject to Defendants' unlawful common policy of paying overtime for 40 hours in a workweek at rates that Defendants calculated without including the non-discretionary, performance based bonuses the employees received, and which were thus lower than the overtime rates the workers were entitled to receive. *See* 29 C.F.R. §§ 778.108 ("the [FLSA] requires inclusion in the 'regular rate' of 'all remuneration for employment paid to, or on behalf of, the employee'" except statutory exclusions). Named Plaintiffs and the Putative Ohio OPPA Rule 23 Class have not received their duly owed overtime compensation at

the statutorily mandated Ohio overtime wage rate within 30 days of performing the work. *See* O.R.C. § 4113.15(B).

8.     Named Plaintiffs and the subclass of Ohio hourly, non-exempt employees assert their OPPA claims pursuant to Fed. R. Civ. P. 23 on behalf of themselves and a class of persons consisting of:

> **All persons who are or were, at any time within the period of 3 years preceding the commencement of this action through the date of judgment, employed by Defendants in any of their facilities within the State Of Ohio as hourly non-exempt employees who held non-exempt job positions, worked in excess of 40 hours in a given workweek and received at least one non-discretionary bonus**.

**Named Plaintiffs' Individual Ohio Wage Act Claims**

9.     Named Plaintiffs, as would any Ohioan who joins this lawsuit, assert their Ohio Wage Act claims individually pursuant to O.R.C. §§ 4111, *et seq.* for Defendants' failure to pay them at a rate "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and 13 of the Fair Labor Standards Act of 1938." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

## JURISDICTION AND VENUE

10.     This Court has subject-matter jurisdiction over Named Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 because Named Plaintiffs' claims raise a federal question under 29 U.S.C. § 201, *et seq.*

11.     This Court has supplement jurisdiction over Named Plaintiffs' Ohio Acts claims pursuant to 29 U.S.C. § 1367 because these claims are so related to Named Plaintiffs' claims under the FLSA that they form part of the same controversy.

12.     This Court has personal jurisdiction over Defendants because they are headquartered and domiciled in New York City, New York.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district.

## THE PARTIES

14.     Defendant JPMorgan Chase & Co. is a for profit corporation created and existing under and by virtue of the laws of the State of Delaware.

15.     Defendant JPMorgan Chase & Co. has the following Registered Agent: The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

16.     Defendant JPMorgan Chase Bank, National Association is a banking association organized under the laws of the United States.

17.     Defendants maintain their headquarters at 270 Park Avenue, New York City, New York 10017.

18.     Named Plaintiff Jodi Radabaugh is a resident of the County of Washington and State of Ohio.

19.     Named Plaintiff Radabaugh was employed by Defendants as an hourly-paid, non-exempt employee from approximately 1993 until approximately July of 1997 and against from approximately January of 1998 until she was wrongfully terminated on or about April 26, 2022 as a PT Teller, Assistant Manager, Teller, Personal Banker, and most recently, and Associate Banker.

20.     Named Plaintiff Radabaugh worked at Defendants' Pike Acme facility in Marietta, Ohio.

21.     Named Plaintiff Radabaugh's written consent to become an FLSA party plaintiff is filed hereto as **Exhibit A**.

22.     Named Plaintiff Barbara J. Vernon is a resident of the County of Washington and State of Ohio.

23.     Named Plaintiff Vernon was and is employed by Defendants as an hourly-paid, non-exempt employee from approximately January 7, 1998 until the present as a Bank Teller.

24.     Named Plaintiff Vernon worked at Defendants' Pike Acme facility in Marietta Ohio from approximately January 7, 1998 until approximately October of 2021, when she was forced to transfer to Defendant's facility in Belpre, Ohio where she currently works.

25.     Named Plaintiff Barbara J. Vernon's written consent to become an FLSA party Plaintiff is filed hereto as **Exhibit B**.

## FACTUAL ALLEGATIONS

26.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

27.     Defendants operate banking facilities throughout the United States.

28.     Defendants employ hourly-paid, non-exempt customer service employees in their facilities.

29.     The job duties of the hourly-paid, non-exempt customer service employees who held job positions including but not limited to Bank Teller and Associate Banker consist of helping customers and directing them to the right employee of Defendants for assistance, managing lobby traffic, checking clients into the waiting queue and scheduling/canceling client meetings, helping clients with everyday transactions such as setting up direct deposit or helping update their address, ensuring financial transactions are completed accurately and efficiently, providing account

services to customers by receiving deposits and loan payments, cashing checks, issuing savings withdrawals, recording night and mail deposits, among other duties.

30. Defendants' hourly-paid, non-exempt customer service employees worked over forty (40) hours in most workweeks.

31. Defendants paid their hourly-paid, non-exempt customer service employees an hourly rate of pay.

32. Defendants also paid their hourly-paid, non-exempt customer service employees overtime premium compensation for hours worked in excess of forty (40) in a workweek.

33. Defendants also paid their hourly-paid, non-exempt customer service employees non-overtime premium compensation, including non-discretionary performance-based bonuses.

34. These non-discretionary performance-based bonuses were deemed to be "5 Key Rewards" under Defendants' "5 Key Reward Program" wherein their hourly-paid, non-exempt customer service employees would receive points towards the Program for positive work performances in furtherance of their job duties. The hourly-paid, non-exempt customer service employees could then redeem the points at any time for a monetary reward, usually in the form of a gift card.

35. The points awarded by Defendants to their hourly-paid, non-exempt customer service employees was measured or dependent on said employees' hours worked, production, or efficiency.

36. The FLSA requires overtime to be paid at least 1.5x an employees' "regular rate," which, subject to some exceptions not relevant here, includes "all remuneration for employment paid to, or on behalf of, the employee." *See* 29 C.F.R. § 778.108.

37. Defendants did not include their non-discretionary, performance-based 5 Key Rewards Program payments in hourly-paid, non-exempt customer service employees' "regular rates of pay," for purposes of calculating their overtime premium compensation.

38. Accordingly, in weeks in which Defendants' hourly-paid, non-exempt healthcare workers worked in excess of forty (40) hours and earned both overtime and non-discretionary, performance-based bonuses pursuant to the 5 Key Reward Program, the overtime premium compensation they received was calculated at a lower than time-and-a-half of their regular rates of pay, in violation of the FLSA and the Ohio Wage Acts.

39. Defendants were and are required to include non-discretionary, performance-based bonuses in each customer service employee's "regular rate of pay," for purposes of calculating the overtime premium compensation.

40. Defendants did not include the non-discretionary, performance-based bonuses paid pursuant to the 5 Key Rewards Program in each customer service employees "regular rate of pay" for purposes of calculating overtime premium compensation.

41. Bay way of example, in the pay period of August 8, 2021 to August 21, 2021, Named Plaintiff Vernon was paid:

   a. 40 hours of REG Regular Base Pay at a rate of $16.830000 per hour for the week of August 8, 2021 to August 14, 2021, equating to $673.20;

   b. 40 hours of REG Regular Base Pay at a rate of $16.830000 per hour for the week of August 15, 2021 to August 21, 2021, equating to $673.20;

   c. 1.383 hours of OTP Overtime Pay (x1) at a rate of $16.830000 per hour with a multiplier of 1, equating to $23.28;

8

d. 1.050 hours of OTP Overtime Pay Premium (0.5x) at a rate of $16.829963 per hour with a multiplier of 0.5, equating to $8.84;

e. 0.333 hours of OTP Overtime Pay Premium (0.5x) at a rate of $16.830139 per hour with a multiplier of 0.5, equating to $2.80; and

f. $4.31 in compensation labelled Non Cash Earnings Update GU Offset.

42. Had Defendants properly included the $4.31 Non Cash Earnings Update GU Offset in Named Plaintiff Vernon's regular rate of pay, they would have paid her an increased amount in overtime compensation in addition to the $34.92 they actually paid her.

43. Defendants failed to properly include the $4.31 Non Cash Earnings Update GU Offset in Named Plaintiff Vernon's regular rate of pay, and thus failed to pay her the correct amount of overtime compensation in the pay period of August 8, 2021 to August 21, 2021.

44. Defendants were aware of, and/or recklessly disregarded the possibility that they were required to include non-discretionary, performance-based bonuses in each customer service employee's "regular rate of pay," for purposes of calculating their overtime premium compensation, but failed to do so.

45. Defendants willfully violated the FLSA.

46. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

## **COLLECTIVE ACTION ALLEGATIONS**

47. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

48.     Named Plaintiffs bring this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, on behalf of all hourly-paid, non-exempt customer service employees who have been affected by Defendants' common unlawful policy of excluding non-discretionary, performance-based bonuses from the employees' "regular rates of pay" for purposes of calculating their overtime rates of pay, in violation of the FLSA.

49.     Named Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on behalf of:

**All persons who are or were, at any time within the period of 3 years preceding the commencement of this action through the date of judgment, employed by Defendants in any of its facilities in the United States as hourly non-exempt employees who held non-exempt job positions, worked in excess of 40 hours in a given workweek and received at least one non-discretionary bonus.**

Named Plaintiffs reserve the right to amend this definition as necessary.

50.     Named Plaintiffs bring this collective action against Defendants to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

51.     The collective action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

52.     Named Plaintiffs seek to send notice to all similarly situated hourly-paid, non-exempt healthcare workers as provided by 29 U.S.C. § 216(b) and supporting case law.

53.     Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Named Plaintiffs under 29 U.S.C. § 216(b). The collective of employees on behalf of whom Named Plaintiffs bring this collective action are similarly situated because they were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

54.     Named Plaintiffs anticipate that there will be no difficulty in management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a collective wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendants' records.

55.     Named Plaintiffs and the putative FLSA collective members demand a trial by jury.

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

56.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

57.     Named Plaintiffs bring their OPPA claims pursuant to the Federal Rule of Civil Procedure 23, on behalf of themselves and a subclass of persons consisting of:

> **All persons who are or were, at any time within the period of 3 years preceding the commencement of this action through the date of judgment, employed by Defendants in any of its facilities within the State Of Ohio as hourly non-exempt employees who held non-exempt job positions, worked in excess of 40 hours in a given workweek and received at least one non-discretionary bonus**.

Named Plaintiffs reserve the right to amend this definition as necessary.

58.     The number and identity of the Ohio OPPA Rule 23 Subclass are ascertainable from Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under the Federal Rule of Civil Procedure 23.

59.     The Ohio Rule 23 OPPA Subclass is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

60.     Upon information and belief, there are more than one hundred (100) Ohio OPPA Rule 23 Subclass members.

61. Named Plaintiffs' OPPA claims are typical of those claims which could be alleged by any Ohio OPPA Rule 23 Subclass member, and the relief sought is typical of the relief which would be sought by each Ohio OPPA Rule 23 Subclass member in separate actions.

62. Named Plaintiffs and the Ohio Rule 23 OPPA Subclass members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay 150% of Named Plaintiffs' and the Ohio Rule 23 OPPA Subclass members' regular for all hours worked beyond forty (40) in a workweek.

63. Named Plaintiffs and the Ohio Rule 23 OPPA Subclass members have all sustained similar types of damages as a result of Defendants' failure to comply with the Ohio Wage Act and the OPPA.

64. Named Plaintiffs and the Ohio Rule 23 OPPA Subclass members have all been injured in that they have been uncompensated due to Defendants' common policy, practice and willful conduct. Defendants' corporate wide policies, practices and willful conduct affected the Ohio Rule 23 OPPA Subclass similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Rule 23 OPPA Subclass members.

65. Named Plaintiffs and the Ohio Rule 23 OPPA Subclass members sustained similar losses, injuries, and damages arising from the same unlawful practices, policies and willful conduct.

66. Named Plaintiffs are able to protect the interests of the Ohio Rule 23 OPPA Subclass members and have no interests antagonistic to the Ohio Rule 23 OPPA Subclass fairly and adequately.

67. Named Plaintiffs and the Ohio Rule 23 OPPA Subclass members are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

68.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly within the context of wage and hour litigation on behalf of non-exempt workers where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

69.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

70.     Common questions of law and fact exist as to the Named Plaintiffs and the Ohio Rule 23 OPPA Subclass that predominate over any questions only affecting Named Plaintiffs and the Ohio Rule 23 OPPA Subclass members individually and include, but are not limited to:

   a.   Whether Defendants improperly failed to pay the Named Plaintiffs and the Ohio Rule 23 OPPA Subclass members at least 150% of their respective regular rates for all hours worked beyond forty (40) in a workweek;

   b.   Whether the wages owed to the Named Plaintiffs and the Ohio Rule 23 OPPA Subclass members remain unpaid for more than thirty (30) days;

   c.   Whether Defendants' companywide decision to not pay the Named Plaintiffs and the Ohio Rule 23 OPPA Subclass members at least 150% of their respective regular rates for all hours worked beyond forty (40) in a workweek was willful and without a good faith basis;

   d.   The nature and extent of class-wide injury and the measure of damages for those injuries.

71.     Named Plaintiffs and the Ohio Rule 23 OPPA Subclass members have been damaged by Defendants' willful refusal to pay at least 150% of their respective regular rates for

all hours worked beyond forty (40) in a workweek and to make that payment within thirty (30) days of the works performance.

72.     As a result of Defendants' Ohio Wage Act and OPPA violations, Named Plaintiffs and the Ohio Rule 23 OPPA Subclass members are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

73.     Named Plaintiffs and the Ohio Rule 23 OPPA Subclass members demand a trial by jury.

### FIRST CLAIM FOR RELIEF
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.***
**(Brought by Named Plaintiffs Individually and on Behalf of the FLSA Collective)**
**Failure to Pay Overtime Wages**

74.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

75.     29 U.S.C. § 207(a)(1) provides:

[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

76.     Defendants employed Named Plaintiffs and the FLSA Collective members as hourly-paid, non-exempt customer service employees.

77.     At all relevant times alleged herein, Defendants has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

78.     At all times relevant to this action, Defendants were and continue to be enterprises whose annual gross volume of sales made or business done exceeds $500,000.

79. At all times relevant to this action, Defendants were and continue to operate as an enterprise that has employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

80. Defendants knowingly "suffered or permitted" Named Plaintiffs and hourly-paid, non-exempt customer service employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g).

81. Defendants hired hourly-paid, non-exempt customer service employees and determined the rate and method of the payment of their wages.

82. Defendants controlled the work schedules, duties, protocols, applications, assignments, and work conditions of hourly-paid, non-exempt customer service employees.

83. Named Plaintiffs and the FLSA Collective members worked over forty (40) hours in most workweeks.

84. Defendants did not include non-discretionary, performance-based bonuses in hourly-paid, non-exempt customer service employees' "regular rates of pay," for purposes of calculating their overtime premium compensation.

85. As a result of Defendants' common illegal policies and practices stated herein, Defendants failed to pay Named Plaintiffs and the FLSA Collective members the required overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per week.

86. Defendants' uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

87.     Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

88.     As a result of Defendants' uniform policies and practices described above, Named Plaintiffs and the FLSA Collective members are illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**Violation of the Ohio Prompt Pay Act, O.R.C. § 4113.15**
**(Brought by Named Plaintiffs Individually and on Behalf of the Ohio OPPA Rule 23 Class)**
**Failure to Promptly Pay Wages**

89.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

90.     At all times relevant to this action, Named Plaintiffs and the Ohio Rule 23 OPPA Subclass members were covered employees within the meaning of the OPPA. *See* O.R.C. § 4113.15.

91.     The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

92.     At all times relevant to this action, Defendants have refused to pay Named Plaintiffs and the Ohio Rule 23 OPPA Subclass members all wages at the statutorily mandated Ohio overtime wage rate, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

93.     Named Plaintiffs' and the Ohio Rule 23 OPPA Subclass members' wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

94. Defendants' violations of the OPPA have been of a willful, intentional, or bad faith nature or Defendants have otherwise exhibited a reckless disregard for the OPPA's provisions.

95. Named Plaintiffs and the Ohio Rule 23 OPPA Subclass members are entitled to six percent (6%) of the wages or a minimum of $200.00 for violations of the OPPA and attorneys' fees.

### THIRD CLAIM FOR RELIEF
#### Violation of the Overtime Provisions of the Ohio Wage Act

96. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

97. The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq.*; *see also* 29 U.S.C. § 206(b).

98. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all ours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and 13 of the Fair Labor Standards Act of 1938." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

99. At all times relevant to this action, Named Plaintiffs and each individual member of the FLSA Collective who worked in the State of Ohio and the Ohio OPPA Rule 23 Subclass were not exempt from the overtime wage provisions of the Ohio Wage Act.

100. At all times relevant to this action, Defendants were both an "employer" covered by the Ohio Wage Act and has been thus required to comply with its mandates.

101. At all times relevant to this action, Named Plaintiffs and each individual member of the FLSA Collective who worked in the State of Ohio and the Ohio OPPA Rule 23 Subclass

were covered "employees" of Defendants pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

102.    Named Plaintiffs and each individual member of the FLSA Collective who worked in the State of Ohio and the Ohio OPPA Rule 23 Subclass were not employed by Defendants in a job classification and did not perform job duties which were consistent with a bona fide executive, administrative, professional, outside sales or computer employee exempt from the mandate under the FLSA, the Ohio Constitution, and/or the Ohio Wage Act.

103.    Defendants violated the Ohio Wage Act by willfully refusing to pay Named Plaintiffs and each individual member of the FLSA Collective who worked in the State of Ohio and the Ohio OPPA Rule 23 Subclass the statutorily mandated overtime premium of 150% of Named Plaintiffs', and each individual member of the FLSA Collective's and the Ohio OPPA Rule 23 Class's regular rate for all hours worked beyond forty (40) in a workweek during the relevant time period.

104.    In violating the Ohio Wage Act, Defendants acted willfully, without a good faith basis and with reckless disregard of applicable Ohio law.

**FOURTH CLAIM FOR RELIEF**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 216(a) and O.R.C. § 2307.60**
**(Brought by Named Plaintiffs Individually and on Behalf of the FLSA Collective)**
**Willful Violations of the FLSA**

105.    Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

106.    The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

107.    By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Named Plaintiffs and the FLSA Collective members have been injured as a result.

108.    O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

109.    As a result of Defendants' willful violations of the FLSA, Named Plaintiffs and the FLSA Collective members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs respectfully request that this Court grant the following relief against Defendants, as follows:

(A)    A declaratory judgment that Defendants' policies and practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B)    An Order for injunctive relief ordering Defendants to comply with the FLSA and end all of the illegal wage practices alleged herein;

(C)    Certifying this action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(D)    Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA Collective members;

(E)    Authorizing Named Plaintiffs' counsel to send notice(s) of this action to all FLSA Collective members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA Collective members of their rights by law to join and participate in this lawsuit;

(F)     Designating Named Plaintiffs as the representatives of the FLSA Collective in this action;

(G)     Designating the undersigned counsel as counsel for the FLSA Collective in this action;

(H)     Judgment for damages including all unpaid wages and liquidated damages to which Named Plaintiffs and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(I)     An incentive award for the Named Plaintiffs for serving as a representative of the FLSA Collective;

(J)     An Order directing Defendants to pay Named Plaintiffs and members of the collective reasonable attorneys' fees and all costs connected with this action pursuant to the FLSA.

(K)     Judgment for any and all civil penalties to which Named Plaintiffs and members of the collective may be entitled;

(L)     An Order certifying an Ohio Rule 23 OPPA Subclass pursuant to Federal Rule of Civil Procedure 23;

(M)     Designating Named Plaintiffs as the representatives of the Ohio Rule 23 OPPA Subclass and counsel of record as Class Counsel;

(N)     A declaratory judgment that the practice complained of herein is unlawful under Section 34a, the Ohio Wage Act, and the OPPA;

(O)     Awarding Named Plaintiffs and the Ohio Rule 23 OPPA Subclass members the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA;

(P)     Pursuant to O.R.C. § 4111.14(J), an Order awarding an amount set by the Court sufficient to compensate Named Plaintiffs and the Ohio Rule 23 OPPA Subclass members and deter future violations by the Defendants of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that the violation continued;

(Q)     Compensatory and punitive damages under O.R.C. § 2307.60.

(R)     Awarding pre-judgment and post-judgment interest;

(S)     An award of prejudgment and post-judgment interest;

(T)     An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees; and

(U)     Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Named Plaintiffs, individually and on behalf of all other FLSA Collective members and Ohio Rule 23 OPPA Subclass members, by and through undersigned counsel, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.


Dated: September 29, 2022                    Respectfully submitted,

/s/ Jason T. Brown
Jason T. Brown (SDNY Bar No. JB6579)
**BROWN, LLC**
Nicholas Conlon (SDNY Bar No. NC5315)
111 Town Square Pl Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

/s/*Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
(Will seek Pro Hac Vice Admission)
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent Street, Suite 210
Columbus, OH 43219
T: (614) 221-4221
F: (614) 744-2300
bderose@barkanmeizlish.com

*/s/ Adam L. Slone*
Adam L. Slone (OH Bar No. 0093440)
(Will seek Pro Hac Vice Admission)
**BRIAN G. MILLER CO., L.P.A.**
250 West Old Wilson Bridge Road, Suite 270
Worthington, Ohio 43085
T: (614) 221-4035
F: (614) 987-7841
als@bgmillerlaw.com

*Attorneys for Named Plaintiffs and the Collective and Class Members.*