IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)

| | |
|---|---|
| JODI RADABAUGH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JPMORGAN CHASE & CO., *et al.*, <br><br> Defendants. | CASE NO. 2:22-cv-04356 <br><br> **JUDGE WATSON** |

**JOINT MOTION FOR SETTLEMENT APPROVAL AND DISMISSAL OF PLAINTIFFS' CLAIMS WITH PREJUDICE WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiffs Jodi Radabaugh and Barbara Vernon, and Opt-in Plaintiffs Leslie Hibbitts, Sarah Rabatin and Stephanie Getter (collectively "Plaintiffs") and Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("Chase") (together, the "Parties"), have entered into a Settlement Agreement and General Release ("Settlement Agreement"), attached hereto as Exhibit A ("Ex. A"). The Settlement Agreement settles all the individual claims brought by Plaintiffs in this Action.  The Parties hereby move the Court for approval of the agreed-upon terms of settlement.  Given that Plaintiffs' overtime claims amount to less than $20 each, the settlement represents more than fair and adequate consideration, and includes significant additional consideration for the terms and conditions of the agreement.  If the Court approves the Settlement Agreement, the Parties request that the Court execute the Proposed Order dismissing this Action with Prejudice.  In further support hereof, the Parties state as follows:

1. Plaintiffs have alleged, *inter alia*, that during the time that they worked as non-exempt employees for JPMorgan Chase Bank, N.A that they were not paid correctly for all

1

overtime hours that they worked as required by the Fair Labor Standards Act ("FLSA"), because their overtime rate did not include the value of Five Keys Awards, which they claimed were non-discretionary bonuses.

2. Defendants deny Plaintiffs' allegations of overtime violations and contends that Five Key Awards were discretionary and that JPMorgan Chase Bank, N.A. paid Plaintiffs correctly.

3. As part of their settlement negotiations, Defendants produced Plaintiffs' payroll records, Plaintiffs' time records, Plaintiffs' Five Key Awards, as well as Five Key policy documents. After a full review of the facts and information, the Parties agree that the negotiated terms of the settlement represent a fair, reasonable, and just compromise of disputed issues.

4. Settling parties routinely seek judicial approval of a proposed settlement to ensure fairness and to give effect to the FLSA releases. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (stating that claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor); *Athan v. U.S. Steel Corp.*, 523 F. Supp. 3d 960, 964-65 (E.D. Mich. Mar. 3, 2021) ("Although the Sixth Circuit has never definitively answered the question of whether court approval is required for FLSA settlement agreements, district courts in our Circuit regularly find that the FLSA context counsels in favor of courts approving settlements."). The law favors compromise and settlement of lawsuits. *See Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977).

5. Approval is warranted where a settlement resolves a *bona fide* dispute between the parties "with respect to coverage [and] amount due under the [FLSA]," is fair and reasonable, and is the product of serious, informed, arm's-length negotiations. *Lynn's Food Stores*, 679 F.2d at 1353-54 & n.8; *see also Mercer v. Knox Educ. Serv. Ctr.*, No. 2:21-CV-5092, 2022 WL

2

7482593, at *1 (S.D. Ohio Oct. 13, 2022) (discussing that to approve settlement of individual FLSA settlement there must be a bona fide dispute and the settlement must be fair and reasonable).

6. This settlement was arrived at as a result of arms-length negotiations during mediation by professional mediator Michael Russell, Esq., who has many years of experience mediating wage and hour litigation. The Parties agree that the settlement is fair, just, and adequate to settle the claims of Plaintiffs against Defendants.

7. Moreover, while this settlement is on an individual basis, a vast majority of Plaintiffs' previously anticipated putative class and collective are bound by arbitration agreements and would not have been able to pursue their claims in this forum. As noted above, the individual overtime claims are of negligible value. Thus, damages for the very limited putative class and collective members not subject to arbitration—if pursued—would be minimal.

8. When a Court is asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Murton v. MeasureComp, LLC*, No. 07-3127, 2009 WL 10715595, at *8 (N.D. Ohio Aug. 10, 2009) ("There is a strong presumption in favor of settlement. … 'If the settlement reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a court may approve a settlement to promote the policy of encouraging settlement of litigation. Settlement is the preferred means of resolving litigation.'")  (internal citations and quotations omitted).

9. The Parties dispute in good faith whether any liability exists in the instant action. Defendants believe the Plaintiffs were not entitled to have Five Keys point awards or gross ups included in their regular rate for purposes of overtime because Five Key points could not be awarded for quantifiable performance, but instead were discretionary point-based awards that could be given by both managers and colleagues. Defendants' argument is further

bolstered given a recent case, *Frausto v. Bank of Am., Nat'l Ass'n*, No. 18-cv-01983, 2019 WL 5626640 (N.D. Cal. Oct. 31, 2019), which is precisely on point. In *Frausto*, defendant Bank of America had a similar program to Defendants in which employees, at their own discretion, could acknowledge co-workers' achievements by nominating them for "points" based on various types of exemplary conduct in the workplace. In considering defendant's motion for summary judgment, the court found there was no genuine issue of material fact present, as it was clear defendant's program was discretionary. 2019 WL 5626640 at *6.

10. Plaintiffs believe the Five Key point awards were not discretionary and should have been included in the regular rate for purposes of overtime and that *Frausto* is distinguishable. Nonetheless, they have agreed to settle all claims in this action through the execution of the Settlement Agreement, because the Parties agree that if they had continued to litigate this matter, they would have faced uncertain risk and unavoidable fees and costs to prove their claims and defenses at the motion to dismiss stage, as well as at summary judgment and/or at trial.

11. While Plaintiffs believe the allegations asserted in the action have merit and are supported by the information developed to date, Plaintiffs understand that the resolution of liability and damage issues, the outcome of trial, and the inevitable appeals process are inherently uncertain in terms of outcome and duration, and recognize the expense and delay which would be incurred as the result of the proceedings necessary to prosecute the action against Defendants through trial and appeal. In reaching the resolution of this matter, Plaintiffs took into account the uncertain outcome and risk of any litigation.

12. The Settlement Agreement is fair and reasonable as it confers substantial benefits upon Plaintiffs and was reached after mediation and in-depth information exchange. Indeed, the settlement amount for Plaintiffs' claims in this matter is more than adequate by Plaintiffs' own

estimations. Plaintiffs provided an estimation to Defendants that the weekly overtime underpayment for each class member would be 24 cents per week (including liquidated damages) based on the assumption of two hours of overtime per week. Even using Plaintiffs' estimate, and assuming Plaintiffs both earned 5 Keys awards and worked overtime in 50% of the weeks in which they worked in a full-time position during the class period—which Defendants maintain is an overstatement as reflected by their pay statements—damages for each Plaintiff would be less than $20.00 including liquidated damages. Moreover, the total amount being paid to Plaintiffs takes into account litigation risk that they could have lost their arguments as to the non-discretionary nature of the Five Keys awards, and further represents significant consideration for Plaintiffs' release of other non-wage and hour claims as set forth in the Settlement Agreement. The settlement terms represent a successful resolution of the claims given that a trier of fact might conclude that Plaintiffs are not entitled to any relief or to relief in an amount much less than the amount agreed to in the Settlement Agreement.

13. The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b) (a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."); see also O.R.C. § 4111.10(A) (liability includes paying "costs and reasonable attorney's fees as may be allowed by the court"). *See also*, *Rembert v. A Plus Home Health Care Agency, et al.*, Case No. 20-3454 ECF 39-2 at *3 (6th Cir. Jan. 25, 2021) and *Cruz v. Vel-A-Da, Inc.* Case No. 3:90CV7087, 1993 WL 659253, *3 (N.D. Ohio May 14, 1993) ("[a]n award of attorneys' fees under the FLSA is mandatory, with the amount of fees within the discretion of the court.") (Citations omitted). "A reasonable fee is 'adequately compensatory to attract competent counsel' but "avoids producing a windfall for lawyers.'" *Rembert* at 3-4, *quoting, Geier v. Sundquist*, 372 F.3d. 784, 791 (6ht Cir 2004). There

are two basic measures for evaluating the fairness of an attorney's award under the FLSA—"work done and results achieved." *Rui He v. Rom*, 751 Fed. App'x. 664, 673 (6th Cir. 2018) (*quoting Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016)). The "work done" measure is the "lodestar" method of attorney fee calculation and the "results achieved" measure is the "percentage of the fund" method of attorney fee calculation. *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d at 279. The Sixth Circuit permits a court to choose one or the other method as the court, in its discretion, deems appropriate for the circumstances of a particular case so long as the court articulates its reasons. *See, Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009). The lodestar method yields a fee that is presumptively sufficient to achieve the objective of attracting competent counsel but avoiding a windfall for the attorneys. *See, Rembert* at *4, *quoting, Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010).

14. As a result of extensive litigation, Plaintiffs' Counsel has incurred significant attorneys' fees and costs. At the time of mediation, Plaintiffs' Counsel's attorneys fee and costs collectively amounted to $129,459.28. *See,* Declaration of Robert E. DeRose attached as Exhibit B ("Ex. B") at ¶¶6 and 13; *See also*, Declaration of Nicholas Conlon, Esq. attached as Exhibit C ("Ex. C") at ¶5 and Declaration of Adam Slone, Esq. attached as Exhibit D ("Ex. D") at ¶¶8-10. However, in the interest of fully compensating the putative class members for all damages owed, Plaintiffs' Counsel agreed to significantly reduce their attorneys fee to achieve settlement.

15. The Settlement Agreement reflects Defendant's agreement to pay Plaintiffs' Counsel $23,840.80 for payment of all attorney's fees and costs incurred in this litigation. This amount represents the payment pursuant to 29 U.S.C. § 216(b) for the amount of time and expense that Plaintiffs' Counsel has dedicated to this case and the extensive experience Plaintiffs' Counsel has in FLSA actions. Defendant has agreed to pay these fees and costs as part of the negotiated Agreement.  All claimed fees and costs were incurred during the course of the

litigation of this Action or will be incurred during the administration of the Settlement. *See.* Ex. A, at ¶1(f). The requested $23,840.80 in attorneys' fees and costs represent the attorney fees and costs as of the date of the mediation, and do not include work done after September 20, 2023.

16. Another important factor for the Court to consider is that Plaintiffs' Counsel took this case on a contingency basis, meaning that if there was no recovery, the Plaintiffs did not owe counsel any fee for the services provided. *See*, Ex. B at ¶8, Ex. C. at ¶7 and Ex. D at ¶12. Further, Plaintiffs' Counsel stated in its contract for services that it would seek to recover its attorney fees and costs from the employer pursuant to 29 U.S.C. § 216 (b) instead of taking any portion of the client's awards. *See*, Ex. B at ¶8, at ¶B, Ex. C. at ¶7 and Ex. D at ¶12.  During the mediation, Plaintiffs' Counsel sought to not take any part of the Plaintiffs' awards and, instead, only recover the cost of his attorney's fees and expenses via the Settlement Agreement, which Defendant agreed to. Courts generally look with favor upon Plaintiff's Counsels' request for an attorney fee award when they undertake the case on a contingency basis and "absorb[] the risk of an unsuccessful outcome and no fee of any kind." *Herbert et al.*, at *9, *citing Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *30.  The $23,840.80 is $105,618.48 less than what Plaintiffs' Counsel collectively incurred in fees and expenses and represents a seventy-two percent (72.0%) loss. *See*, Ex. B, at ¶13.  Plaintiffs' Counsel seeks to have its payment of attorney's fees by Defendant, as set forth in the Settlement Agreement, granted to cover the work performed to achieve the great result for the Plaintiffs and for litigation expenses and these facts warrant approval of the requested fee amount of $23,840.80 for fees and expenses.

13. Accordingly, the Parties respectfully move the Court for approval of the negotiated settlement terms in the Settlement Agreement pursuant to *Lynn's Food Stores, Inc.*

**WHEREFORE**, the Parties respectfully move for entry of the attached Order approving the Joint Settlement Agreement, including the release of Plaintiffs' claims as asserted in that

7

agreement, and dismissing this Action with prejudice.

Dated:  September 22, 2023                                             Respectfully submitted,

| | |
|---|---|
| /s/Robert DeRose<br>Jacob A. Mikalov (OH Bar No. 0102121)<br>Robert E. DeRose (OH Bar No. 0055214)<br>**BARKAN MEIZLISH DEROSE COX, LLP**<br>4200 Regent Street, Suite 210<br>Columbus, Ohio 43219<br>Phone: (614) 221-4221<br>Facsimile: (614) 744-2300<br>jmikalov@barkanmeizlish.com<br>bderose@barkanmeizlish.com<br><br>/s/ Adam L. Slone<br>Adam L. Slone (OH Bar No. 0093440)<br>**BRIAN G. MILLER CO., L.P.A.**<br>250 West Old Wilson Bridge Road, Suite 270<br>Worthington, Ohio 43085<br>Phone: (614) 221-4035<br>Facsimile: (614) 987-7841<br>als@bgmillerlaw.com | /s/ Jeremy Blumenfeld<br>Jeremy P. Blumenfeld (OH Bar No. 0068858)<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>1701 Market St.<br>Philadelphia, PA 19103-2921<br>Tel: (215) 963-5000<br>Fax: (215) 963-5001<br>jeremy.blumenfeld@morganlewis.com<br><br>/s/Sam S. Shaulson<br>Sam S. Shaulson<br>Thomas A. Linthorst<br>*Admitted Pro Hac Vice*<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY  10178<br>Tel: (212) 309-6000<br>Fax: (212) 309-6001<br>sam.shaulson@morganlewis.com<br>thomas.linthorst@morganlewis.com |
| /s/ Nicholas Conlon<br>Jason T. Brown<br>Nicholas Conlon<br>**BROWN, LLC**<br>111 Town Square Pl. Suite 400<br>Jersey City, NJ 07310<br>Phone: (877) 561-0000<br>Facsimile: (855) 582-5297<br>jtb@jtblawgroup.com<br>nicholasconlon@jtblawgroup.com<br><br>*Attorneys for Plaintiffs* | /s/ Stephanie R. Reiss<br>Stephanie R. Reiss<br>*Admitted Pro Hac Vice*<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Oxford Centre, 32nd Floor<br>Pittsburgh, PA 15219<br>Tel: (412) 560-3300<br>Fax: (412) 560-7001<br>stephanie.reiss@morganlewis.com<br><br>*Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I certify that on September 22, 2023, a copy of the foregoing document has been served on counsel for all parties through the Court's ECF system.

/s/ Robert E. DeRose

8

                                                          Robert E. DeRose

                                                          *Counsel for Plaintiffs*