**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Jodi Radabaugh, *et al.*,
*individually and on behalf
of all others similarly situated*,

      Plaintiffs,

v.

JPMorgan Chase & Co., *et al.*,

      Defendants.

Case No. 2:22-cv-4356

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Jodi Radabaugh, Barbara Vernon, Leslie Hibbitts, Sarah Rabatin, and Stephanie Getter ("Plaintiffs") seek approval of their settlement with JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("Defendants") of Plaintiffs' individual claims for, *inter alia*, unpaid overtime and liquidated damages under the Fair Labor Standards Act ("FLSA"). Joint Mot., ECF No. 59.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto,*

*Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same analysis to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3 (citation omitted). Additionally, the Court must separately assess the reasonableness of any proposed award of attorney's fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

Upon thorough review, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is certainly a bona fide legal dispute. The parties dispute whether Five Keys Awards were discretionary or nondiscretionary bonuses, which would

impact whether the awards' value should be included in Plaintiff's overtime wage rate. Joint Mot. 3–4, ECF No. 59.

Moreover, the settlement is fair, reasonable, and adequate, as shown by the traditionally considered factors. First, it is crucial to note that the mediation occurred after the parties had an opportunity to review Plaintiffs' "payroll records, Plaintiffs' time records, Plaintiffs' Five Key Awards, as well as Five Key policy documents," and Plaintiffs' claims amount to less than $20 each—including liquidated damages. Joint Mot. 1–2, 4–5, ECF No. 59. Per the settlement, each Plaintiff receives a total of $3,231.84, which is more than fair in these circumstances. Settlement Agmt. 1–3, ECF No. 59-1. Moreover, the settlement was reached after a full day of mediation by an experienced, neutral mediator. Joint Mot. 3, ECF No. 59. Given all these facts, there is no fear of fraud or collusion.

Second, the complexity, expense, and duration of continued litigation, which would involve both a motion to dismiss and a motion for summary judgment, would far exceed the claims' value.

Third, the amount of discovery the parties engaged in demonstrates that they reached a settlement value upon full consideration of the facts.

Fourth, the likelihood of Plaintiffs' success supports approval. The parties note that a district court in California recently issued a decision that supports Defendants' argument as to whether the Five Keys Awards should be factored into the overtime rate. Joint Mot. 3–4, ECF No. 59. Although Plaintiffs believe

the California case is distinguishable, it does undermine the strength of their position. Moreover, Defendants dispute Plaintiffs' claims that they worked overtime in 50% of the weeks in which Plaintiffs were employed full-time in the applicable position. *Id.* at 5. This consideration also impacts Plaintiffs' likelihood of success.

Fifth, the public interest generally favors settlement, and the public interest is not adversely impacted by this settlement, which involves only individual claims.

Additionally, the request for attorney's fees is reasonable. As counsel note, counsel incurred $129,459.28 in fees and accepted this case on a contingency fee basis. Joint Mot. 6–7, ECF No. 59. Yet, counsel seeks to recover only $28,840.80 in fees through the settlement. *Id.* This represents an approximately 80% reduction in fees and is reasonable.

Accordingly, the Court **GRANTS** the parties' motion for approval of the settlement agreement. The Clerk shall terminate this case.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**